**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-cv-21594-KMM

EMI SUN VILLAGE, INC., *et al.*

     Plaintiffs,

vs.

JAMES B. CATLEDGE, *et al.*

     Defendants.

_____/

## <u>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS</u>

THIS CAUSE came before the Court upon the Motions to Dismiss filed by Defendants Michal Diaz and Diaz Reus & Targ, LLP ("Diaz Mot.") (ECF No. 18) and Defendants Hilda Piloto and Arnstein & Lehr, LLP ("Piloto Mot.") (ECF No. 19). Plaintiffs responded ("Diaz Resp." and "Piloto Resp.") (ECF Nos. 29 and 30) and Defendants replied ("Diaz Reply" and "Piloto Reply") (ECF Nos. 31 and 32). Plaintiffs filed a Surreply with respect to both Motions (ECF No. 47).[1] These Motions are now ripe for review. UPON CONSIDERATION of the Motions, the Responses, the Replies, the Surreply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I.    BACKGROUND

This action emanates from a prior proceeding in this District before the Honorable United States District Judge Alan S. Gold. Piloto Mot., at 1–4 (referencing <u>Hofman v. EMI Resorts, Inc. et al.</u> (09-cv-20526-ASG) ("the Gold Litigation")). In that case, father and son Frederick and Derek Elliott ("the Elliots") and a web of related companies ("the Elliott

---

[1] Defendants David Rocheford and Richard Smith have filed a Notice of Joinder with respect to the Piloto Motion to Dismiss (ECF Nos. 22 and 27). Defendant Klaus Hofman has filed a Notice of Joinder with respect to both Motions to Dismiss (ECF No. 20).

Companies") were accused of defrauding "hundreds of investors . . . out of approximately $170 million in an elaborate Ponzi scheme" involving resort property investments in the Dominican Republic.  Id.  Now, the former Gold Litigation defendants ("the Gold Defendants") have brought the instant action against the former Gold Litigation plaintiffs ("the Gold Plaintiffs") for abuse of process and malicious prosecution. See id.[2]

Plaintiff Frederick C. Elliot is the founder of the Elliott Companies.  Complaint (ECF No. 1), at 3.  The remaining Plaintiffs in the instant action include the following Elliot Companies: EMI Sun Village, Inc.; Sun Village Juan Dolio, Inc.; EMI Resorts (S.V.G.), Inc.; Corfresco Holings, Inc.; Villa Santa Ponca, S.A.; Immobilaria Moncey, S.A, and Sun Village Juan Dolio Associates, LLC.  Id. at 1.[3]

Defendants in the instant action include allegedly defrauded investors and Gold Litigation plaintiffs David Rocheford, Richard Smith, John Steve Thompson, and Klaus Hofman. Id. at 4–5.  Additional Defendants include several attorneys involved in the Gold Litigation, specifically Defendant Michael Diaz ("Diaz"), managing partner of Defendant law firm Diaz, Reus, & Targ, LLP ("DRT"), and Defendant Hilda Piloto, partner at Defendant law firm Arnstein & Lehr, LLP ("Arnstein").  Id. at 3–4.  The remaining Defendants are James B. Catledge, founder and president of Defendant Impact, Inc., a timeshare marketing and sale business.  Id. at 3.  Catledge and Impact were ultimately implicated as responsible parties alongside the Elliots in the Gold Litigation. Id. at 6–7.[4]

---

[2] Derek Elliot is not a Plaintiff in the instant action.

[3] Defendants contend that Plaintiff Sun Village Juan Dolio Associates, LLC was not a defendant in the Gold Litigation and therefore cannot act as Plaintiff in the instant action.  Piloto Mot., at 9–10. As this Court otherwise resolves this action in favor of Defendants, it is not necessary for this Court to address this argument.

[4] Catledge and Impact have not responded to the Complaint and Clerk's Default has been entered against Impact.  Clerk's Default (ECF No. 55).

The Gold Litigation commenced in March 2009 with the entry of a temporary restraining order against the Gold Defendants which expired after ten days. Piloto Mot., at 3–4.[5] Judge Gold proceeded to assume jurisdiction over the interests of the plaintiff investors and appointed former United States District Judge and former United States Attorney Thomas Scott as Special Master and Monitor. Id. at 2–5. Scott's responsibilities included investigating the diversion of investor assets; determining Catledge's culpability; conducting a forensic analysis of the Elliots' assets; and maintaining control over the Elliots' use and transfer of funds. See id. at 4–5.

Scott filed a Report and Recommendation confirming the allegations in the underlying complaint and identifying potential RICO violations, theft, securities fraud, wire fraud, and money laundering. Id. at 5–6. Scott further recommended that the Elliots and Catledge be referred for possible criminal prosecution. Id. at 6–7. Judge Gold found that the matter should be referred for criminal prosecution. Id. As a result of the criminal referral, the SEC sued Derek Elliot, who consented to a permanent ban from the securities industry and admitted to using investor money to pay prior investors and misleading investors into believing the project was profitable. Id. at 7–8. Derek Elliot and Catledge were later indicted in the Northern District of California. Id. at 8.

In 2010 Judge Gold determined that the action filed collectively by the Gold Plaintiffs had been improperly joined and severed the matter into 232 new civil actions. Id. at 7; Order Granting Motion to Sever (09-cv-20526-ASG, ECF No. 1033). Subsequently, each of the Gold Plaintiffs dismissed their actions without prejudice on the basis that they could not afford to

---

[5] Legal actions were also initiated against the Gold Defendants in Turks & Caicos and the Dominican Republic, where it was believed assets had been transferred. Piloto Mot., at 3–4.

continue the lawsuits individually.  Piloto Mot., at 7; Notice of Compliance (09-cv-20526-ASG, ECF No. 1123).[6]

Plaintiffs, the underlying defendants in the Gold Litigation, have now brought the instant action.  Counts I–XIV of the Complaint are abuse of process and malicious prosecution claims directed at Defendants Diaz, DRT, Piloto, Arnstein, Hofman, Thompson, and Catledge.  Complaint, at 31–43.  Count XV is a civil conspiracy claim directed at all Defendants with the exception of Impact.  Id. at 43–44.  Count XVI is a breach of contract claim directed at Impact and Catledge.  Id. at 44–46.[7]

## II.    STANDARD OF REVIEW

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.  See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).  On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  See SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "But where the well-pleaded facts do not permit the court to infer more than the mere

---

[6] Defendants contend that the voluntary dismissals are not relevant to the issue of whether the Gold Litigation was warranted as the dismissals did not pertain to the merits of that litigation.  Piloto Mot., at 13–14.

[7] No party to this action has filed a Motion to Dismiss with respect to Count XVI.

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (citations omitted).

A complaint must contain enough facts to indicate the presence of the required elements. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers . . . 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

B. Specific Law at Issue

The litigation privilege provides absolute immunity for all actions taken during judicial proceedings which are related to those proceedings. LatAm Investments, LLC v. Holland & Knight, LLP, 88 So.3d 240, 242 (Fla. Dist. Ct. App. 2011). The purpose of the privilege is to preserve candid and unrestrained communications during judicial proceedings. Id. The privilege is properly raised at the Motion to Dismiss stage when the applicability of the privilege is discernible from the face of the complaint. Id. at 245.

The elements of an action for abuse of process consist of "1) an illegal, improper, or perverted use of process by the defendant; 2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and 3) damages to the plaintiff as a result." Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d 1318, 1324 (M.D. Fla. 2009). The litigation privilege is applicable to claims for abuse of process. LatAm, 88 So.3d at 242.

The elements of a cause of action for malicious prosecution consist of

1) an original civil or criminal judicial proceeding against the present plaintiff was commenced or continued; 2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; 3) the termination of the original proceeding constituted a bona fide termination of

that proceeding in favor of the present plaintiff; 4) there was an absence of probable cause for the original proceeding; 5) there was malice on the part of the present defendant; and 6) the present plaintiff suffered damages as a result of the original proceeding.

Antoine, 662 F. Supp. 2d at 1320.   Probable cause "is defined as a reasonable ground of suspicion . . . to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."   Fee, Parker & Loyd, P.A. v. Sullivan, 379 So.2d 412, 417 (Fla. Dist. Ct. App. 1980) ("one need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action") (citations and internal quotation marks omitted).

## III.   ANALYSIS

### A.   Abuse of Process

Defendants argue that their actions in the Gold Litigation are protected by the litigation privilege, thereby precluding Plaintiffs' claims for abuse of process.   See Piloto Mot., at 10. Plaintiffs dispute the applicability of the litigation privilege, arguing that Defendants' actions took place out of the context of judicial proceedings, pointing to Defendants' actions in the Dominican Republic and Turks and Caicos Islands.   Piloto Resp., at 15–17.   Plaintiffs also point to a "malicious public relations campaign . . ." waged by Defendants consisting of emails, press releases, and web content.   Id. at 17.[8]

Defendants contend that the actions in the foreign tribunals were judicial proceedings and that the privilege is applicable to these proceedings.   Piloto Reply, at 4.   Defendants also argue that the press matters are not actionable because they did not constitute legal process.   Id. at 5. Rather, Defendants argue, Plaintiffs' arguments as to these materials would be better situated to a

---

[8] Plaintiffs argue more generally that the litigation privilege is inapplicable here because Defendants "intentionally used the legal process as a tactical weapon to extort and financially cripple the Elliots . . ." and because the underlying litigation was a "sham."   Piloto Resp., at 7, 17–18.   This Court finds that Plaintiffs' arguments in this regard lack merit.

6

claim for libel. Id. This Court finds that the litigation privilege is applicable in this instance and that Plaintiffs' claims to the contrary lack merit. Plaintiffs' claims pertain to actions taken during the Gold Litigation which are related to those proceedings. See LatAm, 88 So.3d at 242. Therefore, Defendants' claims for abuse of process are not actionable. See id.[9]

B. Malicious Prosecution

Defendants argue that Plaintiffs' malicious prosecution claims lack merit as the Gold Plaintiffs had probable cause to litigate against the Gold Defendants. Piloto Mot., at 12; Fee, Parker & Loyd, 379 So.2d at 417. Defendants point to the substantial investor losses and the criminal referral by Judge Gold as evidence of probable cause. Piloto Mot., at 12. Plaintiffs contend that Defendants lacked probable cause, pointing out that Catledge and Impact were not initially defendants in the Gold Litigation. Piloto Resp., at 13. Defendants contend that the initial status of Catledge and Impact is irrelevant to the question of probable cause. Piloto Reply, at 7. This Court agrees with Defendants.[10] A review of the record demonstrates that Defendants had ample probable cause to bring the underlying litigation based on the evidence of a fraudulent scheme.[11]

---

[9] Defendants have also raised a statute of limitations defense as to the abuse of process claims. Piloto Mot., at 14–16; Diaz Mot., at 13–14. As this Court finds for Defendants as to these claims, it is not necessary for this Court to address this argument.

[10] The Parties disagree as to whether the litigation privilege bars a claim for malicious prosecution. Piloto Reply, at 1; Surreply, at 1–3. As this Court finds that the malicious prosecution claims lack merit, it is not necessary for this Court to address this argument.

[11] As Plaintiffs' abuse of process and malicious prosecution claims have failed, Plaintiffs' claim for civil conspiracy must also fail. There is no actionable conspiracy claim absent an underlying wrong. See Palm Beach Cnty Health Care Dist. v. Professional Medical Educ., Inc., 13 So.3d 1090, 1096 (Fla. Dist. Ct. App. 2009). Here there is no underlying wrong as this Court has established that the underlying claims at issue fail on the merits. See Piloto Mot., at 16.

## IV.   CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motions to Dismiss (ECF Nos. 18 and 19) are GRANTED.   Counts I–XV of Plaintiffs' Complaint are DISMISSED WITH PREJUDICE.  The Clerk of Court is instructed to CLOSE this Case with respect to Defendants Michael Diaz, Diaz Reus & Targ, LLP, Hilda Piloto, Arnstein & Lehr, LLP, David Rocheford, Richard Smith, Klaus Hofman, and John Steve Thompson.  Plaintiffs' Complaint is otherwise unaffected by this Order.   This action remains pending with respect to Count XVI and Defendants James B. Cartledge and Impact, Inc.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 7th day of September, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record