UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21594-CIV-MOORE/MCALILEY

EMI SUN VILLAGE, et al.,

    Plaintiffs,

v.

JAMES CATLEDGE, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

The Honorable K. Michael Moore granted in part Defendants Hilda Piloto's and Arnstein & Lehr's (the Arnstein Defendants) motion for sanctions under Federal Rule of Civil Procedure 11. In doing so, Judge Moore determined that the Arnstein Defendants are entitled to recover a limited amount of attorneys' fees and costs, and he referred to me the question of the amount of that recovery. [DE 116, 135, 136, 140]. This comes at the tail end of very lengthy and complex proceedings. I do not fully recount that history here; rather, I assume the reader's familiarity with the history of this matter.

For the reasons set forth below, I recommend that the Court award $7,632.00 in attorneys' fees, and no costs, to the Arnstein Defendants.

**I.  Background**

Plaintiffs brought this action against the Arnstein Defendants, among others, for abuse of process, malicious prosecution, and civil conspiracy. These claims arose from an

earlier lawsuit the Arnstein Defendants and others filed in this court before the Honorable Alan S. Gold (the Gold Action) against parties who are now Plaintiffs here. [DE 1]. Once the Gold Action was resolved, the defendants there brought this action, which was assigned to Judge Moore. Ultimately, Judge Moore dismissed all of Plaintiffs' claims with prejudice. [DE 58]. Once victorious in this lawsuit, the Arnstein Defendants asked this Court to sanction Plaintiffs under Federal Rule of Civil Procedure 11, claiming Plaintiffs lacked a good faith factual and legal basis to bring this suit. [DE 59].

Specifically, the Arnstein Defendants made four arguments why Plaintiffs and their counsel should be sanctioned under Rule 11: (1) all of Plaintiffs' claims were frivolous because they were barred by the litigation privilege; (2) Plaintiffs' malicious prosecution claim was frivolous because the Arnstein Defendants had probable cause to bring the underlying action; (3) Plaintiffs' damages claim was frivolous; and (4) the claims Plaintiff Sun Village Juan Dolio Associates LLC's (SVJDA) filed were frivolous because SVJDA was not a party to the underlying litigation. [DE 59, pp. 4-8].[1]

Judge Moore granted the Rule 11 motion in part, and after some discussion entered these Orders: "1. Defendants' Rule 11(b)(3) Motions as to Plaintiffs' damages claims are GRANTED; 2. The Arnstein Defendants' Rule 11(b)(3) Motion as to Plaintiff SVJDA's malicious prosecution and civil conspiracy claim is GRANTED; and 3. All

---

[1] Other Defendants, Michael Diaz and Diaz Reus & Targ, LLP, also filed a motion for Rule 11 sanctions [DE 61], which Judge Moore granted in part [DE 116]. Those Defendants have, however, reached a settlement with Plaintiffs of their claim. Accordingly, only the Arnstein Defendants' claim to recover some of their attorneys' fees and costs is before me now.

other arguments raised as Rule 11(b)(2) and Rule 11(b)(3) Motions are DENIED." [DE 116, p. 12].

In that same Order, Judge Moore directed the parties to file supplemental memoranda to address (1) the amount of fees and costs the Arnstein Defendants might recover consistent with the Order, and (2) how those sanctions should be apportioned between Plaintiffs and their counsel. *Id.* p. 12-3. Judge Moore considered that briefing and, importantly for the issues now before me, rejected the Arnstein Defendants' argument that they should recover all the fees and costs they incurred in the course of proceedings before this Court. [DE 135]. Rather, consistent with Rule 11(c)(4),[2] the Court directed that Defendants recover only "reasonable attorney's fees and costs incurred as a *direct result* of Plaintiffs' Rule 11 violations (i.e., as a *direct result of the damages, malicious prosecution and conspiracy claims*)." [DE 135] (emphasis added). The Court referred to me the question of the amount of attorneys' fees and any costs Plaintiff should pay to the Arnstein Defendants. [DE 140].

## II. Analysis

The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Plaintiffs do not challenge the hourly rates sought by Defendants, and I find those rates reasonable.

---

[2] That Rule provides that a party sanctioned under Rule 11 may be ordered to make "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." F. R. Civ. P. 11(c)(4).

The parties do dispute the number of hours counsel for the Arnstein Defendants say they expended due to the sanctioned conduct. As noted, Judge Moore held that the Arnstein Defendants may recover only those fees that were the "direct result" of Plaintiffs' Rule 11 violations. In other words, the award must be limited to fees and costs that are *caused* by the sanctioned conduct; any work by the Arnstein Defendants' counsel that would have occurred regardless of the sanctioned behavior is not recoverable. *Peer v. Lewis*, No. 06-60146-CIV, 2013 WL 1345477, * 6 (S.D. Fla. April 3, 2013) (collecting cases).

The Arnstein Defendants ask to recover attorneys' fees they incurred in several broad categories:

    a.    performing a factual analysis of the complaint ($11,395.80),

    b.    undertaking "necessary" litigation activities[3] ($7,997.90),

    c.    litigating their motion for Rule 11 sanctions ($22,920.70),

    d.    researching the issues of conspiracy, malicious prosecution and abuse of process in connection with SVJDA's claims ($2,422.90).

    e.    doing legal research on the issue of damages ($1,952.00), and

    f.    briefing the issue of damages in the motion to dismiss ($3,680.00).

[DE 136-1, ¶ 27].

---

[3] Defendants describe these activities as including "preparing for and participating in the Rule 16 conference, negotiating a scheduling order, seeking a stay of discovery pending a ruling on the motion to dismiss, conferring and corresponding with Arnstein and its insurer, reviewing and responding to Orders of the Court, and corresponding and conferring with counsel for the Plaintiff and for the co-Defendants." [DE 136-1, ¶ 14].

Plaintiffs concede that the Arnstein Defendants are entitled to recover the last two categories of fees claimed, that is, attorneys' fees for (1) legal research on the issue of damages, and (2) briefing the issue of damages in the motion to dismiss; that is, they acknowledge that these attorneys' fees are a direct result of the sanctioned conduct. [DE 138, p. 7]. This undisputed amount totals **$5,632.00**,

Plaintiffs dispute the Arnstein Defendants' remaining claims for fees. Unfortunately, the Arnstein Defendants do not identify the specific billing entries they rely upon to calculate the amounts of claimed fees. Likewise, Plaintiffs do not engage in an hour-by-hour analysis of Defendants' billing records. Rather, Plaintiffs broadly argue that certain categories of fees sought were not incurred as a direct result of sanctioned conduct and, thus, are not recoverable. [DE 138, pp. 4-7]. I address each disputed category below, in the order they are listed above.

### A. Fees for factual analysis and other "necessary" litigation activities

Plaintiffs object to an award of all the fees the Arnstein Defendants incurred for performing a factual analysis of the Complaint and other "necessary" litigation activities, arguing that these fees did not directly result from the sanctioned damages claim. [DE 138, pp. 5-6]. The Arnstein Defendants do not identify specific billing entries for time spent analyzing the damages claim in the Complaint. Rather, they contend they should recover for all the time their lawyers spent on factual analysis of the Complaint because this effort was "a direct consequence of the frivolous allegations that the Plaintiffs were damaged, which was an essential element of each claim." [DE 136-1, ¶ 13].

The Court, however, has expressly rejected the Arnstein Defendants' argument that all of their fees were a direct result from the sanctioned conduct. [DE 135]. At most, the Arnstein Defendants would be entitled to recover only those fees incurred performing a factual analysis of the Complaint's damages claim. The Court ordered the Arnstein Defendants to submit a fee application setting forth the fees incurred as a direct result of the frivolous damages claim. [DE 135]. Rather than do this, the Arnstein Defendants chose to re-argue the position that they are entitled to recover the entire fees incurred for the factual analysis of the Complaint.

Moreover, they chose not to provide, as an alternative, the amount of fees incurred only in connection with the factual analysis of the damages claim. The Court cannot discern from the voluminous billing records the time properly attributable to the factual analysis of the damages claim, nor is it the Court's responsibility to do so. On this record, I recommend the Court not award the amount sought for factual investigation of the claims asserted in the Complaint.

For the same reason, the fees for "necessary" litigation activities are not recoverable. The Arnstein Defendants have not shown that these activities were caused by the sanctioned conduct. Rather the tasks for which they claim fees (for example, participation in a Rule 16 conference) must take place in every lawsuit; they were not the direct result of the damage allegations or the claims by SVJDA. To the extent the Arnstein Defendants ask to recover these fees on the theory that they would not have had to engage in litigation but for the frivolous damages claim, as noted above, the Court has rejected this argument. Because the Arnstein Defendants would have incurred the fees for

the "necessary" litigation activities regardless of the sanctioned conduct, I recommend that the Court not award this category of fees.

### B.   Fees incurred in litigating the motion for Rule 11 sanctions

The Arnstein Defendants ask to recover $22,920.70 in fees that arose in bringing their Rule 11 motion. [DE 136-1, ¶ 22]. Rule 11(c)(2) provides that "the court *may* award to the prevailing party the reasonable expenses, including attorneys' fees, incurred for the motion."   F.R.C.P. 11(c)(2) (emphasis added). Here, after granting the Arnstein Defendants' motion only as to Plaintiffs' damages claims and SVJDA's malicious prosecution and civil conspiracy claim, the Court ordered that "[a]ll other arguments raised as Rule 11(b)(2) and Rule 11(b)(3) Motions are DENIED." [DE 116, p. 12]. The Court then explicitly limited the Arnstein Defendants' recovery to fees and costs that directly resulted from the sanctioned conduct. [DE 135]. Because the Court did not authorize the award of the attorneys' fees and costs incurred in bringing the Rule 11 motion, I recommend the Court not award these fees.[4]

As far as costs, the only cost the Arnstein Defendants ask to recover is the cost of the transcript of the Rule 11 hearing. [DE 136-1, ¶ 24]. Because I find that the Court did not authorize the award of fees and costs associated with bringing the Rule 11 motion, I recommend that they not recover the cost of this transcript.[5]

---

[4] Even if the Court had authorized the recovery of the attorneys' fees and costs incurred in bringing the Rule 11 motion, the Arnstein Defendants would not be entitled to recover all of the fees devoted to that motion, as they only partially prevailed on their motion for sanctions.

[5] If the Arnstein Defendants were otherwise entitled to recover this cost, the request would nonetheless fail, as the Arnstein Defendants do not explain why they ordered a copy of this transcript and they do not provide a copy of the invoice.

### C.   Fees incurred in defending against SVJDA's malicious prosecution and civil conspiracy claim

As noted above, the Court imposed sanctions on all Plaintiffs for their frivolous claim of damages, and separately imposed sanctions on SVJDA for bringing a malicious prosecution and civil conspiracy claim. [DE 116, pp. 11-2]. The Arnstein Defendants ask to recover $2,422.90 from SVJDA for fees incurred researching the issues of conspiracy, and SVJDA's standing to sue for malicious prosecution and abuse of process. [DE 136-1, ¶ 28]. Plaintiffs concede the Arnstein Defendants' entitlement to some fees incurred as direct result of SVJDA's claims, but dispute the amount sought, particularly those devoted to research of an abuse of process claim, noting the Court found that SVJDA did not bring such a claim. [DE 138, p. 7].

Plaintiffs are correct that any fees the Arnstein Defendants incurred researching abuse of process could not be as a direct result of SVJDA's claims. Plaintiffs suggest a that a reduction of the $2,422.90 claimed by one third would reflect the Arnstein Defendants entitlement to recover fees for researching two, not three, issues. [*Id.*]. I agree with Plaintiffs that this claim should be reduced to account for the fact that any research regarding abuse of process could not have been a undertaken as direct result of SVJDA's claims, but a one third reduction seems too high. The focus of the Arnstein Defendants' defense against SVJDA was their argument that the malicious prosecution claim was meritless.[6] [DE 58, p. 7]. Common sense dictates that more than two thirds of defense

---

[6] The Court noted that the civil conspiracy claim was dependent on the viability of the malicious prosecution claim.

8

counsel's time would have been spent researching this pivotal issue.[7] I recommend that the amount awarded to Defendants as a sanction for SVJDA's frivolous claims be reduced to $2,000.00.

### D. Apportionment of the award

The Court sanctioned all Plaintiffs *and their counsel* for the damages claims; and sanctioned Plaintiff SVJDA *and its counsel* for the malicious prosecution and civil conspiracy claims. [DE 135]. The Court then ordered that "*Plaintiffs* shall pay to Defendants, jointly and severally, any reasonable attorney's fees and costs incurred as a direct result of Plaintiffs' Rule 11 violations (i.e., as a direct result of the damages, malicious prosecution, and civil conspiracy claims)." [*Id*] (emphasis added). I am uncertain whether the Court intended Plaintiffs alone to pay the sanctions award, or intended that Plaintiff and their counsel be jointly and severally liable for that amount.

## III. Recommendations

Based on the foregoing, I RESPECTFULLY RECOMMEND that:

The Arnstein Defendants be awarded $5,632.00, as a sanction for Plaintiffs' damages claims, and $2,000.00 as a sanction for SVJDA's claims. I defer to Judge Moore how liability for payment of these amounts should be apportioned between Plaintiffs and their counsel.

## IV. Objections

The parties may file written objections to this report and recommendation with the

---

[7] Once again, the Arnstein Defendants did not identify specific time entries they rely upon to calculate the fees incurred to defend against SVJDA's claims, making it impossible for the Court to review those entries in an effort to more accurately reduce the hours that may be compensated.

Honorable K. Michael Moore **no later than March 24, 2016**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida, on the 11th day of March, 2016.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record